UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-22725

ELMY ALONSO,

    Plaintiff,

vs.

AVENTURA WORLDWIDE TRANSPORTATION SERVICE, INC.,
AVENTURA LIMOUSINE & TRANSPORTATION SERVICE, INC.,
SRT WORLDWIDE LLC,
SCOTT TINKLER, and
NICHOLAS M. SORCI,

    Defendants.
_____/

## COMPLAINT FOR FLSA VIOLATION(S)

Plaintiff, Elmy Alonso, sues Defendants, Aventura Worldwide Transportation Service, Inc., Aventura Limousine & Transportation Service, Inc., SRT Worldwide LLC, Scott Tinkler, and Nicholas Sorci, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Elmy Alonso**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Aventura Worldwide Transportation Service, Inc.,** is a *sui juris* Florida for-profit corporation that conducted its for-profit private transportation business in

1

Miami-Dade, Broward, and surrounding Counties in Florida, at all times material. It maintained its principal place of business in this District.

6. **Defendant, Aventura Limousine & Transportation Service, Inc.,** is a *sui juris* Florida for-profit corporation that conducted its for-profit private transportation business in Miami-Dade, Broward, and surrounding Counties in Florida, at all times material. It maintained its principal place of business in this District.

7. **Defendant, SRT Worldwide LLC ("SRT"),** is a *sui juris* Florida for-profit corporation that conducted its for-profit private transportation business in Miami-Dade, Broward, and surrounding Counties in Florida, at all times material. It maintained its principal place of business in this District.

8. Defendants, Aventura Worldwide Transportation Service, Inc., Aventura Limousine & Transportation Service, Inc., SRT Worldwide LLC, utilized the same dispatchers, kept the keys to their vehicles in the same bucket, operated out of the same office, and did not distinguish between one another to the public in their operations, which were conducted from a unified workforce, through unified operations, and under direction/control of the same individuals.

9. Defendants, Aventura Worldwide Transportation Service, Inc., Aventura Limousine & Transportation Service, Inc., and SRT Worldwide LLC, also utilized the same website (www.aventuralimo.com) to attract clients.

10. **Defendant, Scott Tinkler,** was at all times material an owner/officer/director of Aventura Worldwide Transportation Service, Inc. and Aventura Limousine & Transportation Service, Inc., for the time period relevant to this lawsuit. He ran their day-to-day operations, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally

2

responsible for paying Plaintiff's wages.

11.     **Defendant, Nicholas Sorci,** was at all times material the general manager for Aventura Limo and received a salary and car allowance from Aventura Worldwide Transportation Service, Inc. and/or Aventura Limousine & Transportation Service, Inc. for the time period relevant to this lawsuit. At all times material, he also the day-to-day operations of Aventura Worldwide Transportation Service, Inc., Aventura Limousine & Transportation Service, Inc., and SRT, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

12.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

13.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

14.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

15.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

16.     Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

17.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

18. Defendants have been at all times material engaged in interstate commerce in the course of their transportation of people to and from locations within South Florida which, traditionally, cannot be performed without using computers, monitors, computer networking equipment, phones, fuel, tires, vehicles, goods, fluids, materials, supplies, and equipment that have all moved through interstate commerce.

19. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

20. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

21. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 and/or in excess of $125,000.00 for each fiscal quarter during the relevant time period.

22. During this time, Plaintiff regularly and routinely utilized vehicles, cellular telephones, fuel, and other goods and supplies that moved through interstate commerce.

23. Plaintiff worked as an employee of Defendants from 2015 to October 2018.

24. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in Defendants' custody.

25. Defendants established Plaintiff's schedule.

26. Defendants provided Plaintiff with the vehicle(s) he drove.

27. Defendants paid to maintain (such as for tires, oil changes, and brakes) for the vehicles that Plaintiff drove.

28. Defendants paid Plaintiff a flat ("piece") rate for each trip that he performed for them, which trip rate varied depending on the trip he performed.

29. Defendants did not pay Plaintiff for any of the time that he spent engaged to wait for them.

30. Defendants did not pay Plaintiff for the time he spent maintaining the vehicle(s) they provided to him, such as washing/cleaning the interior or exterior of the vehicle.

31. Although Defendants' customers would pay tips to Defendants for the work performed by Plaintiff, Defendants would not remit those tips to Plaintiff, and would instead retain those tips for themselves.

32. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Elmy Alonso, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

33. Defendants failed and refused to pay Plaintiff the tips that he earned and/or that were required to be tendered to him.

34. Defendants willfully and intentionally refused to pay Plaintiff minimum wages (tips) that he earned and/or that were required to be tendered to him.

35. Defendants have been the subject of multiple prior lawsuits (and arbitrations) involving the FLSA.

36. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to tender the tips to him, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff of the minimum wage pay (tips) he earned.

37. Plaintiff is entitled to a backpay award of minimum wages (tips) for all tips earned by and/or that should have been distributed to Plaintiff, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Elmy Alonso, demands the entry of a judgment in his favor and against Defendants, Aventura Worldwide Transportation Service, Inc., Aventura Limousine & Transportation Service, Inc., SRT Worldwide LLC, Scott Tinkler, and Nicholas Sorci, jointly and severally after trial by jury, and as follows:

> a. That Plaintiff recover compensatory minimum wage damages (tips) and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
>
> b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages (tips) if the Court does not award liquidated damages;
>
> c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;
>
> d. That Plaintiff recover all interest allowed by law;
>
> e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay (tips) and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

   f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

   g.  Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME VIOLATION(S)

Plaintiff, Elmy Alonso, reincorporates and re-alleges paragraphs 1 through 32 as though set forth fully herein and further alleges as follows:

38. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

39. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek by improperly deducting overtime hours he worked from his compensable time / paychecks.

40. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying Plaintiff for up to 40 hours each week without paying him overtime wages for all of the overtime hours he worked.

41. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

42. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Elmy Alonso, demands the entry of a judgment in his favor and against Defendants, Aventura Worldwide Transportation Service, Inc., Aventura Limousine & Transportation Service, Inc., SRT Worldwide LLC, Scott Tinkler, and Nicholas Sorci, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, Elmy Alonso, demands a trial by jury of all issues so triable.

Respectfully submitted this 1st day of July 2020,

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>7300 North Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:    305.230.4884
>*Counsel for Plaintiff*